Opinion by
Orlady, J.,
The plaintiff’s husband was killed by the defendant’s automobile when it was being driven over a much traveled paved business street, which was occupied by two street railway tracks.
The defendant was driver for five or six others and was operating a seven passenger Packard automobile at a rate of speed which is described by a number of witnesses, at from fifteen to forty-five miles per hour. Twelve witnesses testified that no signal was given of its approach. The plaintiff’s husband was a passenger on a car which stopped nearly opposite to his home, and at a place that was a well-known, regular stopping place. While there was no street crossing at this point, a sign of — cars stop here— had been nailed to a telegraph pole, and the car company as well as the traveling public recognized it as a regular *165 stopping place. When the deceased stepped off the western side of the rear end of the car, opposite his own home, he was facing in the direction from which the automobile approached, but it was not in sight at that time. He spoke to a friend who was seated in a wagon and started across the street. When he approached the eastern street car track he was looking in the same direction and made motions with his hands towards the automobile, immediately before he was struck. A number of eyewitnesses noticed the deceased and the approaching car, and gave cries, shouts and signals of alarm, but in the confusion of sound the deceased failed to appreciate his dangerous situation and turn back. The violence of the collision was such as to knock the deceased down, roll the body over a number of times and carry it a distance of at least ninety-five feet, and resulted in his instant death. The testimony further showed that such a Packard car under proper care going at the rate of fifteen miles an hour, could be stopped within twenty or thirty feet, or even when going at the rate of thirty-five miles an hour, could be stopped within seventy-five feet.
The defendant’s negligence can hardly be disputed. Common sense and common prudence, join in demanding that the most ordinary care must prohibit such a use of a public thoroughfare, and this accident shows a most reckless disregard of life and property by the defendant. The contributory negligence of the plaintiff was fairly and fully submitted to the jury in a charge that represented the law so clearly that all the points submitted by the plaintiff were affirmed, as well as those submitted by the defendant, except the one asking for binding instructions. The evidence fails to show any loitering by the deceased, and it affirmatively shows that as the street car from which he alighted passed on, he started directly across the street, because his home was there located. There was positive testimony that he did look in the direction from which the automobile approached and that he signaled to it; that there was twelve *166 feet of roadway between the car track and the curb, which could have-been occupied by the automobile, and whether the deceased was negligent in acting upon the presumption that the driver of the automobile would use ordinary care and prudence in its management, instead of ruthlessly running him down, was a question of fact for the jury.
The automobile had no superior right to the use of the street car track as such like a street car. Under the evidence, the place occupied by the deceased was the equivalent of a street crossing, used and recognized as such by the public and the street car company in making that 'location a place for the receipt and discharge of passengers.
Whether the sign of — cars stop here — was unplaced at the time this accident occurred, is immaterial, as the defendant must have seen the street car and that it had stopped. He was bound to presume that passengers were likely to be discharged at that time and place, and his automobile should have been under proper control to avoid such an unnecessary accident.
The judgment is affirmed.